NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|                          |   |                              |
|--------------------------|---|------------------------------|
| JERMAINE WALKER,         | : | Civil No.: 09-5325 (PGS)     |
|                          | : |                              |
| Petitioner,              | : |                              |
|                          | : |                              |
| v.                       | : | **O P I N I O N**            |
|                          | : |                              |
| MICHELLE RICCI, et al.,  | : |                              |
|                          | : |                              |
| Respondents.             | : |                              |

**APPEARANCES:**

> JERMAINE WALKER, Petitioner <u>Pro Se</u>
> #280752/SBI # 949141B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625

**SHERIDAN,** District Judge

This matter comes before the Court upon the motion of <u>pro se</u> petitioner, Jermaine Walker ("Walker") for reconsideration of this Court's Opinion and Order entered on May 3, 2010, dismissing without prejudice Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2241, for failure to exhaust state court remedies.  (Docket entry nos. 2 and 3).  Walker submitted this application on May 24, 2010.  (Docket Entry No. 4).  He also submitted additional material is support of his motion for reconsideration on June 11, 2010.  (Docket entry no. 5).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be granted and an Order will be issued directing petitioner to show cause why his habeas petition should not be dismissed as time-barred.

## I. BACKGROUND

In his initial habeas petition before this Court, filed on or about October 19, 2009, Walker challenged his 1996 New Jersey state court conviction. In his petition, Walker admitted that his second state post-conviction relief petition was still pending in state court at the time he filed his federal habeas petition. Accordingly, this Court dismissed the federal habeas petition for failure to properly exhaust his state court remedies before proceeding in federal court, pursuant to 28 U.S.C. § 2254(b)(1).

Walker now files this motion for reconsideration. In his application, Walker states that, in 2008, he had filed his first federal habeas petition under 28 U.S.C. § 2254. See Walker v. Ricci, et al., Civil No. 08-5064 (FSH). At that time, he had a second state petition for post-conviction relief ("PCR") pending. Accordingly, he withdrew his federal habeas petition in March 2009, so as to exhaust his state court remedies via his second state PCR petition.

2

Walker states that he had filed his first federal habeas petition in 2008 out of fear that his second state PCR petition would be time-barred, and thus, would not toll the federal limitations period for § 2254 actions.   In fact, the second state PCR petition was found to be time-barred, and the Superior Court of New Jersey, Appellate Division affirmed the time-bar decision on January 6, 2010.

Walker had filed the instant habeas petition on or about October 19, 2009.   He claims that this re-filed § 2254 petition includes only those claims that he raised on direct appeal and in his first state PCR petition, but do not include the unexhausted claims that he attempted to litigate in his second state PCR petition.   Accordingly, Walker asks that this Court's May 3, 2010 dismissal of this action be vacated and that his habeas action be re-opened.

## II.   **ANALYSIS**

A.   Reconsideration

Walker characterizes his application as a motion for reconsideration.   Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.   United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).   Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).   Id.   In the District of New Jersey, Local Civil Rule

3

7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

5

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also
Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318
(D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,
935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...
may not be used to re-litigate old matters, or to raise arguments
or present evidence that could have been raised prior to the
entry of judgment."). In other words, "[a] motion for
reconsideration should not provide the parties with an
opportunity for a second bite at the apple." Tishcio v. Bontex,
Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Walker asks that the May 3, 2010 Order dismissing this
action as unexhausted be vacated because he has abandoned those
claims that were pending in his second state PCR petition. He
asks that his habeas action be reinstated accordingly.

The basis for this Court's May 3, 2010 decision was that
some of the claims asserted by petitioner were not exhausted as
required under 28 U.S.C. § 2254(b)(1)(A). Because it appears
that Walker has abandoned those unexhausted claims, the Court
will grant the motion for reconsideration, re-open this action,
and reinstate the § 2254 habeas petition accordingly.

B. Statute of Limitations Issue

The limitation period for a § 2254 habeas petition is set
forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an
application for a writ of habeas corpus by a person in

6

custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

7

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[1] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  <u>See</u> <u>Lawrence v. Florida</u>, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

---

[1] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the</u> <u>application</u> are meritorious and free of procedural bar.  <u>Artuz v.</u> <u>Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

8

<u>Stokes v. District Attorney of the County of Philadelphia</u>, 247
F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

Here, Walker's judgment of conviction became final after the
enactment of AEDPA.  Walker relates that the Appellate Division
affirmed his conviction and sentence on June 30, 1999.[2]  The
Supreme Court of New Jersey denied certification on November 10,
1999.  Walker admits that he did not file a petition for
certiorari with the Supreme Court of the United States.  Thus,
Walker's judgment of conviction became final on or about February
10, 2000, and the one-year limitation period began to run on that
date.

It also appears that there was statutory tolling of the one-
year limitations period under 28 U.S.C. § 2244(d)(2).  Walker
filed his first state PCR petition on June 3, 2000.  Thus, the
limitations period had run for 114 days before it was tolled.
Statutory tolling remained in effect until March 27, 2008, when
the Supreme Court of New Jersey denied certification on appeal
from denial of the first state PCR petition.  <u>See</u> <u>State v.
Walker</u>, 194 N.J. 446, 945 A.2d 1290 (Table)(March 27, 2008).

_____

[2]  The Appellate Division reversed the aggravated assault
conviction and one robbery conviction, but affirmed the remaining
convictions were affirmed.

9

Walker filed his first federal habeas petition on or about October 2, 2008,[3] or 190 days after his first state PCR petition was finally exhausted.  Thus, 304 days had run on Walker's limitations period when he had filed his first § 2254 petition.

Walker admits that his second state PCR petition, which was filed sometime in 2008, did not serve to toll the limitations period because the state PCR petition was itself time-barred.  See Petitioner's May 17, 2010 Motion for Reconsideration at ¶¶ 6, 7; State v. Walker, 2010 WL 26475 (N.J. Super. A.D., Jan. 6, 2010).  He also admits that he re-filed the instant § 2254 habeas petition in October 2009[4] (after having withdrawn his first habeas action, Civil No. 08-5064 (FSH) on March 24, 2009) without

---

[3]  Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Walker handed his first habeas petition to prison officials for mailing, Walker signed a certification of his petition on October 2, 2008.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that October 2, 2008 was the date the first habeas petition was filed for purposes of calculating the timeliness of this habeas petition, and not the date that first petition was received by the Clerk of the Court on October 14, 2008.

[4]  There is no signed date on the re-filed petition, but it appears that the petition was recieved in the Clerk's Office on October 19, 2009.

the unexhausted claims that had been barred in his second state PCR petition.  See Petitioner's May 17, 2010 Motion for Reconsideration at ¶¶ 5, 8.  However, it would appear that this habeas action, having been filed in October 2009 after the one-year limitations period had expired, is now time-barred.

It would appear that Walker is attempting to have his second § 2254 habeas petition relate back to the date of filing of his first habeas petition on October 2, 2008.  Otherwise, this habeas petition would subject to dismissal as time-barred under 28 U.S.C. § 2244(d).

Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Walker may be able to overcome this statutory time bar if he can show a basis for equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

11

rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[5] Even where extraordinary circumstances exist, however,

_____

[5]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Walker to show cause why his petition should not be dismissed as time-barred.

CONCLUSION

For the foregoing reasons, this Court will grant Walker's motion for reconsideration, and the Clerk of the Court will be directed to re-open this habeas action accordingly. Nevertheless, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Walker to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 1-4-11